HANRICK et al. v. HANRICK et al. (No. 2342.)

(Supreme Court of Texas. July 12, 1919.)

1. PARTITION ⊚═87—MONEY EXPENDED FOR PRESERVATION OF COMMON ESTATE—CONTRIBUTION.

For the satisfaction of H.'s claim for contribution for money expended for the preserva-

tion of the common estate, the H. interest was entitled in the partition to no more land than was necessary for the purpose, and, if an excessive allotment was made to the prejudice of G., he would have the right to challenge it.

2. APPEAL AND ERROR ⊚═882(14)—INVITED ERROR.

A party cannot complain of the submission of an issue, where he requested its submission.

3. EVIDENCE ⊚═419(2) — PAROL EVIDENCE—CONSIDERATION FOR CONVEYANCE.

The actual and entire consideration for a conveyance can be shown by parol.

4. APPEAL AND ERROR ⊚═1073(7) — ERROR WITHOUT PREJUDICE.

One not prejudiced by an award is in no position to complain of it on appeal.

On motion for rehearing. Overruled.

For former opinion, see 173 S. W. 211, which reverses decision in Gurley v. Hanrick's Heirs (Civ. App.) 139 S. W. 721.

PHILLIPS, C. J. We have, under the motion for rehearing, again reviewed the case. We are convinced that the true and just result was reached by the judgment of the District Court, and our action in affirming it should therefore stand.

[1] One statement in the original opinion is open to misconstruction, and should be withdrawn. It is that "Gurley had no interest in any land set aside for the settlement of the Hanrick claim for contribution." For the satisfaction of that claim the Hanrick interest was entitled in the partition to no more land than was necessary for the purpose, and had an excessive allotment been made to the prejudice of Gurley, he would have the right to challenge it.

[2, 3] It is clear to us, however, that Gurley is in no position to complain of the award of the 1759-acre tract to the Hanrick interest in satisfaction of the contribution claim, even if it be true, as found by the jury, that the tract was undervalued by the commissioners of partition. The jury also found that the 1625-acre tract conveyed by E. G. Hanrick and Gurley to Goodrich & Clarkson in consideration of their legal services was for the sole benefit of Gurley. There was ample support, resting in Gurley's repeated admissions in respect to the very transaction, for the finding. Gurley cannot complain of the submission of the issue. He, himself, requested its submission. With this true, there was no warrant for the Court of Civil Appeals' reversal of the judgment, on Gurley's complaint, upon the ground of there being no legal evidence to raise the issue. Its holding, however, upon the latter question is in our opinion incorrect. The actual and entire consideration of the conveyance to Goodrich & Clarkson could be shown by parol evidence. Gurley's admissions con-

stituted sufficient proof that the consideration was the discharge of his individual obligation to pay Goodrich & Clarkson for their services out of his interest; and that the conveyance was made upon that understanding.

[4] If Gurley be charged in the partition with the 1625-acre tract so conveyed to Goodrich & Clarkson, he has received even more than what he here contends was the excessive allotment to the Hanrick interest in the award to it of the 1759 acres as valued by the jury. He was therefore not prejudiced by the award, and is in no position to complain of it.

The motion for rehearing is overruled.